UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HILDA L. SOLIS, Secretary of Labor, Department of
Labor,

        Plaintiff,

  -against-

J&M PIPING & HEATING, INC. and JOEL
MENDLOWITS A/K/A JOEL MENDLOVITS,
Individually,

        Defendants.
------------------------------------------------------------------- x

Report &
Recommendation
11-CV-1985 (DLI)

GOLD, STEVEN M., U.S.M.J.:

  The Secretary of Labor brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid wages owed to defendants' employees and for an injunction to stop defendants from violating the FLSA. Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of defendants on June 24, 2011. Docket Entry 7. By Order dated June 28, 2011, the Honorable Dora L. Irizarry directed that plaintiff's anticipated motion for default judgment be referred to me for a report and recommendation on what relief, if any, should be awarded. I have reviewed plaintiff's complaint and find that it lacks the necessary factual predicate to establish defendants' liability. Accordingly, I respectfully recommend that plaintiff be granted leave to amend the complaint to sufficiently plead defendants' liability before any default judgment be entered.

  Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F.

Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *See Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action). A court retains the discretion to determine whether a final default judgment is appropriate, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and a "plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default," *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted).

Where the defendant is in default, the court is required to assume the truth of only the well-pleaded factual allegations in the complaint. *City of New York v. Mickalis Pawn Shop, LLC*, _ F.3d _, 2011 WL 1663427, at *17 (2d. Cir. May 4, 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950.

Here, plaintiff's complaint does little more than parrot the statutory language, and fails to provide sufficient factual details to support plaintiff's claims. The FLSA requires every employer to "pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at a specified statutory rate. 29 U.S.C. § 206. As the plain language of the statute indicates, in order to hold an employer liable for failure to

pay minimum or overtime wages, a plaintiff in a FLSA action must establish that the employer is an "enterprise engaged in interstate commerce."[1] *See id*. An "enterprise engaged in interstate commerce" is defined as an entity that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1).

In her complaint, plaintiff alleges that J&M Piping and Heating, Inc. is "engaged in the business of general construction activities." Compl. § II. Plaintiff then alleges that

> [d]efendants have employed employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000. . . . Defendants willfully and repeatedly have violated and are violating the provisions of [the FLSA] by paying many of their employees in an enterprise engaged in commerce or in the production of goods for commerce, at rates less than the applicable statutory minimum wage. . . . [and] for workweeks longer than those prescribed . . . without compensating the employees . . . at rates not less than one and one-half times the regular rates. . . .

Compl. §§ VI-VIII. These allegations are merely a formulaic recitation of the elements of a FLSA claim. The lack of any factual allegations to support these conclusory assertions results in a complaint that fails to establish plaintiff's "right to relief above the speculative level." *Twombly,* 550 U.S. at 555. *See also Day An Zhang v. L.G. Apparel, Inc.*, 2011 WL 900183 (E.D.N.Y. Feb. 18, 2011), adopted 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011); *Tracy v. NVR,*

---

[1] As an alternative basis for FLSA liability, a plaintiff may establish that employees were engaged "in the 'channels of interstate commerce,' as distinguished from [employees] who merely affected that commerce." *Xelo v. Mavros*, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (internal quotation marks omitted) (citing *McCleod v. Threlkeld*, 319 U.S. 491, 494 (1943)). "In making this determination, the court must 'focus on the activities of the employees and not on the business of the employer.'" *Id*. (quoting *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959)). Plaintiff does not allege that defendants' employees were engaged in interstate commerce.

*Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding that a complaint with "mere boilerplate allegations" is insufficient to state a FLSA claim). The only factual description of defendants' business in the complaint is that it is engaged in "general construction activities." No facts are included supporting the allegation that the business is an enterprise engaged in interstate commerce or that the enterprise's sales or business done exceed $500,000. Moreover, the complaint fails to allege the rates that employees were paid.[2]

For the foregoing reasons, I respectfully recommend that plaintiff's motion for entry of a default judgment be denied, and that plaintiff be permitted to serve and file an amended complaint alleging facts sufficient to impose liability against defendants. Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before August 18, 2011. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
August 1, 2011

*U:\eoc 2011\damages inquests\briefing orders\solis v j&m piping.docx*

---

[2] While it may be difficult in some cases for a plaintiff to acquire sufficient information before filing suit to prepare a factually detailed complaint, that is not so here. To the contrary, it appears that plaintiff conducted a detailed investigation of defendants' alleged failure to comply with the requirements of the FLSA before filing this action. *See* Decl. of Ashley Swopes, Docket Entry 8-3.